UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                CASE NUMBER: 07-20309-09
                                          HONORABLE VICTORIA A. ROBERTS

v.

CORDELL SAIN, a/k/a
 "Myron Malone",

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR A JUDGMENT OF ACQUITTAL

### I.    INTRODUCTION

On June 5, 2007, Defendant Cordell Lenell Sain and seven others were arrested as they loaded a ton's worth of marijuana bales into a truck. On January 23, 2009, a jury convicted Defendant of conspiracy to possess with intent to distribute and to distribute marijuana, 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute marijuana and aiding and abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a). Defendant filed this timely Motion for a Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

### II.    ANALYSIS

A Rule 29 motion is a challenge to the sufficiency of the evidence to sustain a conviction. *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996). When addressing such a motion, whether made under 29(a) or (c), the trial court must consider whether,

> after viewing the evidence in the light most favorable to the prosecution,

> *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted) (emphasis in original); *Jones*, 102 F.3d at 807. The court must, in performing this review, "refrain from independently judging the credibility of witnesses or weight of the evidence." *United States v. Price*, 258 F.3d 539, 544 (6th Cir. 2001) (*quoting United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996)). "A defendant making such a challenge bears a very heavy burden." *United States v. Webber*, 208 F.3d 545, 553 (6th Cir. 2000) (*quoting United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999)).

Defendant submits he should be acquitted on both counts, because the evidence against him was limited to the few minutes during which he helped load bales of drugs into the truck. Defendant argues in particular that his actions during such a short time-frame were not enough to convict him of conspiracy.

To convict a defendant of conspiracy, the jury must find that he "knowingly and voluntarily joined" a criminal agreement, i.e. that he "knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals." 6th Cir. Crim. Pattern Jury Instruction 3.03(1) (2007). This does not require finding the defendant knew everything about, was an early member of, or played a major role in, the conspiracy; in fact, "[a] slight role or connection may be enough" to prove guilt. *Id.* at 3.03(2). However,

> proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just

> because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.

*Id.* at 3.03(3).

The Sixth Circuit holds that "conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan." *Price*, 258 F.3d at 544 (*quoting United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir. 1991)). Furthermore, a "slight" connection to the conspiracy is sufficient to prove guilt, as long as the evidence is sufficient to establish that connection beyond a reasonable doubt." *Id.* (*quoting United States v. Christian*, 786 F.2d 203, 211 (6th Cir. 1986)).

The Court reviewed the evidence presented, and finds there was enough to support the jury's verdict. Defendant wore gloves to load the marijuana bales into the truck, and gave agents a false name upon arrest. In his pocket, the agents found the key to a U-Haul truck rented under the name "Rasheeda Powell." The truck was not at the scene, but the Government argued Defendant intended to use it later to distribute the drugs. Ms. Powell testified that, the day before the crime, Defendant gave her money to rent the truck for 24 hours, and helped her move furniture into her apartment; when they were finished, Defendant said he would return the truck. Ms. Powell testified that later in the evening, she received a call from U-Haul asking when she intended to return the truck. Ms. Powell said she called Defendant to ask about the truck; he told her he lost the keys.

The evidence was sufficient to secure a conviction on both counts. In particular, given the amount of drugs and the scale of the operation, Defendant's failure to return

the U-Haul truck, together with his lie about losing the keys, was enough circumstantial evidence for the jury to conclude beyond a reasonable doubt that he was involved in the conspiracy.

## III.     CONCLUSION

Viewing the evidence in the light most favorable to the Government, the Court holds that the jury acted rationally and reasonably when it convicted Defendant on both counts against him.  *See Jackson*, 443 U.S. at 319.  Accordingly, Defendant's Motion for a Judgment of Acquittal pursuant to Fed. R. Crim. P. 29 is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 28, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 28, 2009.

s/Carol A. Pinegar
Deputy Clerk

---