UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Respondent,        CASE NUMBER: 07-20309
                                     HONORABLE VICTORIA A. ROBERTS

v.

D-9 CORDELL SAIN, a/k/a
"Myron Malone",

        Petitioner.
_____/

**ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

**I.    INTRODUCTION**

Cordell Sain, a prisoner at the Federal Correctional Institute in Milan, Michigan, filed a *pro se* motion to vacate his sentence under 28 U.S.C. §2255 (§2255). Sain filed two previous motions to vacate; both were denied.

Sain brings this motion based upon the Report and Recommendation by the Honorable Mona K. Majzoub issued in connection with Sain's §2255 motion in a contemporary case (07-CR-20607), assigned to the Honorable Lawrence P. Zatkoff ("Zatkoff case"). In the Zatkoff case Sain was convicted of: (1) possessing marijuana with intent to distribute; (2) being a felon in possession of a firearm; and, (3) possessing a firearm in furtherance of a drug trafficking offense (07-CR-20607, Doc. 21). Sain was represented by retained counsel Rowland Short in the Zatkoff case; Short also represented Sain and his brother in the case before this Court.

The Report and Recommendation was critical of Short's representation of Sain in the Zatkoff case and this one, but only made a recommendation in the Zatkoff case. In this motion to vacate, Sain relies on the order by Judge Zatkoff, adopting that portion of the Report and Recommendation, that Sain be given the opportunity to accept the last

1

best plea offer because of Short's ineffectiveness and failure to present the plea offer to Sain (07-CR-20607, Doc. 64). Short represented Sain through his conviction.

After Sain's conviction in the Zatkoff case, Sain made an oral motion with Judge Roberts for the withdrawal of attorney Short. Judge Roberts granted this motion. On August 25, 2008, the parties agreed to a continuance of the trial date and a finding of excludable delay because of the appointment of new counsel and to allow time for effective trial preparation (Doc. 174). In harmony with the stipulation, Judge Roberts entered an amended Criminal Trial Notice and Standing Order (Doc. 189). The order consisted of a new: (1) plea cut-off date; (2) trial date and time; (3) motion deadline; (4) motion hearing date; (5) motions in limine deadline; and, (6) pretrial conference and hearing on motions and limine date.

On October 7, 2008, Sain asked for new counsel in the Zatkoff case for purposes of sentencing. That request was granted; Martin Crandall was appointed. Sain filed a §2255 motion in the Zatkoff case which resulted in the Report and Recommendation critical of attorney Short in both the Zatkoff case and this one, and which provided Sain with his ground for filing this motion to vacate.

Sain has not met his burden of proof under §2255. He fails to show deficient performance of counsel and prejudice. For the reasons set forth below, Sain's motion to vacate his sentence under §2255 is **DENIED**. Further, Sain's request for new appointed counsel and an evidentiary hearing is **DENIED**.

## II.     PROCEDURAL HISTORY

Sain was sentenced to a statutory mandatory minimum 20-year sentence for conspiracy to possess and possession with intent to distribute one ton of marijuana, following his conviction by a jury (Doc. 296).

Sain's first motion to vacate, filed September 9, 2012, was for leave to file a §2255 motion because he had missed the filing date. He alleged excusable neglect

(Doc. 358). The Court denied Sain's motion; it found his excusable neglect argument based on health challenges unpersuasive.

This Court denied Sain's motion to reconsider, filed on November 19, 2012 (Doc. 363). Sain argued - unpersuasively - that the Court miscalculated his deadline to file a habeas petition.

### III. DISCUSSION

#### A. The Court Has Jurisdiction Over Sain's § 2255 Motion.

28 U.S.C. section 2255(a) allows a prisoner in federal custody to file a motion to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

If the Court allows a §2255 motion then it must follow the Rules Governing Section 2255 Proceedings (U.S.C.S. Sec. 2255 Proc. R. 1-12). Rule 4(b) provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

U.S.C.S. Sec. 2255 Proc. R. 4(b).

Sain's §2255 motion fails to show he is entitled to relief. In accordance with Rule 4(b), the Court does not require a response from the government.

Sain's previous two motions to vacate were dismissed because they were not brought within the statutory timeframe. This motion is allowed because §2255 allows a motion one year from the latest of:

> (1) the date on which the judgment of conviction becomes final; [or]
> . . . .

3

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. Section 2255(f)(1) and (4).

Sain says, "[h]is delayed motion is timely because despite his due diligence, he has only recently learned of 'the facts supporting the claim [of ineffective assistance of counsel]'" (Doc. 371). This Court agrees that additional facts were brought to light in the Report and Recommendation filed in the Zatkoff case on October 23, 2014, regarding Short's performance, which arguably could make a §2255 motion filed now by Sain, timely.

### B. Sain Does Not Meet His Burden Under §2255; There Was No Error of Constitutional Magnitude.

Under 28 U.S.C. section 2255(a), Sain is allowed to bring a motion to vacate his sentence, but he must demonstrate that there was: (1) an error of constitutional magnitude; (2) the sentence was imposed outside the statutory limits; or, (3) there was an error of fact or law so fundamental as to render the entire proceeding invalid. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). To prevail on a §2255 motion alleging constitutional error, Sain must show that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

Sain's §2255 argument is this:

> Defendant Sain was deprived of the effective assistance of counsel where counsel labored under a conflict of interest that materially impaired his ability to function as counsel during the plea negotiation and sentencing stages, where counsel was unfamiliar with the defendant's actual sentence exposure and therefore failed to communicate the same to the defendant, where counsel failed in general to communicate adequately with the Defendant, where these errors were not harmless.

(Doc. 371)

4

Sain relies upon the Report and Recommendation regarding Short's ineffective assistance of counsel in the Zatkoff case as evidence of ineffectiveness in this case. The Report and Recommendation says:

> Throughout [Short's] representation of [Sain] both in this instant matter (07-CR-20607) and in the case before Judge Roberts, Short utterly failed in his responsibility to communicate with his client . . . he failed to discuss with his client (and it appears he did not understand) the extent of his client's potential sentencing exposure, he did not convey the Government's plea offer to his client, and he engaged in a blatant conflict of interest.

(07-CR-20607, Doc. 60)

The Report and Recommendation found a "reasonable probability that, but for [Short's] unprofessional errors, the result of [07-CR-20607] would have been different." (07-CR-20607, Doc. 60 at 21-22). There was no mention that the results of this case would have been different. Indeed, Short's involvement in this case was substantially different and nonexistent once new counsel was appointed.

Undeniably, there were shortcomings in Short's representation of Sain. However, the Court addressed those shortcomings by removing and replacing Short as Sain's counsel.

Sain's claim of ineffective assistance of counsel is constitutionally based. The Sixth Amendment provides the right to counsel. While Sain acknowledges he was appointed replacement counsel, he says, "this remedy was inadequate to cure the damage already done by Mr. Short's conflict of interest and incompetence." (Doc. 371). This claim does not hold when analyzed under the rules governing ineffective assistance of counsel.

The Supreme Court, in *Strickland v. Washington*, 466 U.S. 668 (1984), laid out the substantive law for determining whether counsel was ineffective under the Sixth Amendment. To establish that Short was ineffective by the *Strickland* standard, Sain must show:

5

> First . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*O'Hara v. Wigginton,* 24 F.3d 823, 828 (6th Cir. 1994) citing *Strickland*, 466 U.S. at 697. Further, to show prejudice, Sain must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999) citing *Strickland*, 466 U.S. at 694.

The first prong of *Strickland* is not met. Short's performance was not deficient in the areas asserted by Sain. But, even assuming Sain met this first prong, he ultimately fails in proving the second. Sain argues he had ineffective assistance of counsel at the "plea negotiation and sentencing stages." This is not true. The Court appointed new counsel before these stages occurred. In fact, Judge Roberts ordered an amended trial notice and standing order, which pushed back any plea deal or sentencing dates, and the Court made reasonable efforts to provide new counsel with sufficient time to become familiar with the case (Doc. 189). In addition, Sain argues Short labored under a conflict of interest because he was the attorney for Sain and his brother. However, the Court appointed new counsel for each defendant. Thus, the Court made sufficient remedies for Sain.

Sain is not able to show that Short prejudiced his defense. This Court remedied any deficiency in Short's representation by appointing Sain new counsel, giving him a new trial date, and setting a new plea negotiation date. Also, Sain cannot show prejudice because Short was not the "but for cause" of Sain's disposition. Sain fails to meet the second prong of *Strickland*.

##### C. The Court Will Not Issue a Certificate of Appealability.

Under the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." U.S.C.S. Sec. 2255 Proc. R. 11(a). To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483 (2000). This means "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotations and citations omitted). For the reasons set forth above, Sain has not made a substantial showing of a denial of a constitutional right. This Court will not issue a certificate of appealability.

### IV. CONCLUSION

While Sain presents a new ground for this Court to consider whether his sentence should be vacated, the argument is unavailing. Once the Court removed attorney Short from representation of Sain, it was as if Sain's proceedings began all over again. Martin Crandall was appointed to represent him; trial was delayed so that Crandall could have sufficient time to prepare; a new plea cut-off date was established; and, Sain makes no argument, that Crandall was unfamiliar with Sain's sentence exposure, failed to communicate with him, or was ineffective in his representation of Sain during plea negotiations, trial or sentencing.

Cordell Sain's Motion to Vacate Sentence Under 28 U.S.C. §2255 is **DENIED**. Further, Sain's request for new appointed counsel and an evidentiary hearing is **DENIED**.

7

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 4, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record and Cordell Sain by electronic means or U.S. Mail on February 4, 2015.
>
> s/Linda Vertriest
> Deputy Clerk